# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| ORLANDO LYDELL FRANKLIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:19-cv-01174 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| JOHNSON CONTROL/ADIENT, | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Orlando Lydell Franklin, a Tennessee resident, filed a *pro se* employment discrimination complaint against Defendant Johnson Control/Adient under the Americans With Disabilities Act. (Doc. No. 1). He also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 4).

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. An application is sufficient if it establishes that a plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still afford "the necessities of life." *Adkins*, 335 U.S. at 339.

The Court's review is based solely upon an applicant's affidavit. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). In addition to considering a plaintiff's income and assets, courts look to the financial resources of other family members – in particular the income and assets of a plaintiff's spouse. *See, e.g., Hasselback v. Comm'r of Soc. Sec.*, No. 3:17-CV-307-CRS, 2017 WL 3033434, at *2 (W.D. Ky. June 8, 2017) (explaining that courts consider "combined family income in determining the question of indigence"), *report and recommendation adopted by*, 2017 WL 3032430 (W.D. Ky. July 17, 2017); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012) (noting that "[t]he income of the party's spouse is particularly relevant"), *report and recommendation adopted by*, 2012 WL 5457383, at *1 (E.D. Mich. Nov. 8, 2012). "The decision whether to permit a litigant to proceed [*in forma pauperis*] is within the Court's discretion." *Foster*, 21 F. App'x at 240.

In the present case, Plaintiff is married and has three children. (*See* Doc. No. 2). Both Plaintiff and his spouse are regularly employed. (*Id*. at 1-2). Plaintiff attests that the combined net income of his household is $5,000 per month, which equates to $60,000 per year.[1] (Doc. No. 2 at 1). This is nearly double the 2020 poverty level for a five-person household. *See* U.S. Dep't of Health and Human Servs., *Poverty Guidelines for 2020*, https://aspe.hhs.gov/poverty-guidelines (noting poverty level for five-person household is $30,680). Plaintiff does not anticipate any major changes to this income in the next twelve months. (Doc. No. 2 at 5). It is true that Plaintiff and his spouse have little cash in their bank accounts, and Plaintiff claims that his family's monthly expenses exceed income. (*See id.* at 2, 4-5). However, some of these expenses are discretionary, and Plaintiff also indicates that he plans to spend money for expenses or attorney fees in conjunction with this lawsuit. (*Id*. at 4-5).

---

[1] The gross income of Plaintiff and his spouse is $9,000 per month, equaling $108,000 per year. (*See* Doc. No. 2 at 2).

Based on the information in the record, Plaintiff has not established that that he is indigent, *see* 28 U.S.C. § 1915(a)(1), or demonstrated that payment of the filing fee would be an undue hardship that would deprive him of "the necessities of life," *Adkins*, 335 U.S. at 339. Rather, he is "merely in the position of having to weigh the financial constraints posed if he pursues [the lawsuit] against the merits of the case." *Glover v. Colvin*, No. CIV.A. 2014-216 WOB, 2015 WL 417988, at *2 (E.D. Ky. Jan. 30, 2015) (citation omitted). Accordingly, the Court concludes that Plaintiff is not eligible to proceed *in forma pauperis*. *See, e.g.*, *Foster*, 21 F. App'x at 240 (affirming that a *pro se* plaintiff with an annual income of approximately $42,000 "can pay the court costs without undue hardship").

Plaintiff's application to proceed without prepaying fees and costs (Doc. No. 2) is therefore **DENIED**.

A case may not proceed on the merits unless the plaintiff has either been permitted to proceed *in forma pauperis* or paid the initial filing fee. 28 U.S.C. § 1914. Therefore, to continue this action Plaintiff **MUST**, within **21 days** of his receipt of this Order, submit the $400.00 filing fee in full to the Clerk of Court. Failure to comply with this Order within the specified time may result in dismissal of this action for failure to prosecute and failure to comply with the court's Order. Plaintiff may request an extension of the deadline if necessary.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE